## STEWART v. RAMSAY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 105.    Argued November 15, 1916.—Decided December 4, 1916.

A direct writ of error lies, under Judicial Code, § 238, to test the juris-
diction of the District Court over the person of the defendant.

A District Court sitting in one State cannot acquire personal jurisdic-
tion over a citizen and resident of another through civil process served
upon him while in attendance on such court as plaintiff and witness
and while he is returning from the court-room after testifying.

THE case is stated in the opinion.

*Mr. Robert C. Fergus* for plaintiff in error.

*Mr. Clarence S. Darrow* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

Stewart brought an action at law against Ramsay in
the United States District Court for the Northern Dis-
trict of Illinois, and the summons was served personally
upon defendant in that District.  The jurisdiction was
invoked on the ground that plaintiff was a citizen of Illi-
nois and a resident of the Northern District and defendant
was a citizen and resident of Colorado.  Ramsay pleaded
in abatement that he was a resident of the State of Colo-
rado and was served with process while in attendance
upon the District Court as a witness in a case wherein he
was plaintiff and one Anderson defendant, and that the
process was served while he was returning from the court-
room after testifying.  Upon plaintiff's demurrer this
plea was sustained, and, plaintiff electing to stand upon
his demurrer, it was ordered that the writ be quashed and

the defendant go without day. The present writ of error was sued out under § 238, Judicial Code, the jurisdictional question being certified.

That a direct writ of error lies in such a case is well settled. *Merriam Company* v. *Saalfield*, 241 U. S. 22, 26.

In our opinion, the decision of the District Court was correct. The true rule, well founded in reason and sustained by the greater weight of authority, is, that suitors, as well as witnesses, coming from another State or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going. A leading authority in the state courts is *Halsey* v. *Stewart*, 4 N. J. L. 366, decided in the New Jersey Supreme Court nearly one hundred years ago, upon the following reasoning: "Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the administration of justice would in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the court. It is often matter of great importance to the citizen, to prevent the institution and prosecution of a suit in any court, at a distance from his home and his means of defense; and the fear that a suit may be commenced there by summons, will as effectually prevent his approach as if a *capias* might be served upon him. This is especially the case with citizens of neighboring States, to whom the power which the court possesses of compelling attendance, cannot reach."

The state courts, with few exceptions, have followed this rule, applying it to plaintiffs as well as defendants, and to witnesses attending voluntarily as well as those under subpœna. Illustrative cases may be cited. *Richardson* v. *Smith*, 74 N. J. L. 111, 114; *Matthews* v. *Tufts*, 87 N. Y. 568; *Mitchell* v. *Huron Circuit Judge*, 53 Michigan, 541; *Andrews* v. *Lembeck*, 46 Oh. St. 38; *Wilson* v. *Donaldson*, 117 Indiana, 356; *First Natl. Bank* v. *Ames*, 39 Minnesota, 179; *Linton* v. *Cooper*, 54 Nebraska, 438; *Bolz* v. *Crone*, 64 Kansas, 570; *Murray* v. *Wilcox*, 122 Iowa, 188; *Martin* v. *Bacon*, 76 Arkansas, 158.

There are a few cases to the contrary, of which *Bishop* v. *Vose*, 27 Connecticut, 1, 11; *Baldwin* v. *Emerson*, 16 R. I. 304; *Lewis* v. *Miller, Judge*, 115 Kentucky, 623, are instances.

In *Blight* v. *Fisher* (1809), Pet. C. C. 41, Fed. Cas. No. 1542, Mr. Justice Washington, sitting at circuit, held that the privilege of a suitor or witness extended only to an exemption from arrest, and that the service of a summons was not a violation of the privilege or a contempt of court unless done in the actual or constructive presence of the court. But in *Parker* v. *Hotchkiss* (1849), 1 Wall. Jr. 269, Fed. Cas. No. 10,739, District Judge Kane, with the concurrence, as he states, of Chief Justice Taney and Mr. Justice Grier, overruled *Blight* v. *Fisher*, and sustained the privilege in favor of a non-resident admitted to make defense in a pending suit and served with summons while attending court for that purpose, the court declaring: "The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify. Witnesses would be chary of coming within our jurisdiction, and would be exposed

to dangerous influences, if they might be punished with a law suit for displeasing parties by their testimony; and even parties in interest, whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defense, if they were liable to be visited on the instant with writs from the defeated party." Since this decision, the federal Circuit and District Courts have consistently sustained the privilege. *Juneau Bank* v. *McSpedan*, 5 Bissell, 64; Fed. Cas. 7,582; *Brooks* v. *Farwell*, 4 Fed. Rep. 166; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Nichols* v. *Horton*, 14 Fed. Rep. 327; *Wilson Sewing Mch. Co.* v. *Wilson*, 22 Fed. Rep. 803; *Small* v. *Montgomery*, 23 Fed. Rep. 707; *Kinne* v. *Lant*, 68 Fed. Rep. 436; *Hale* v. *Wharton*, 73 Fed. Rep. 739; *Morrow* v. *U. H. Dudley & Co.*, 144 Fed. Rep. 441; *Skinner & Mounce Co.* v. *Waite*, 155 Fed. Rep. 828; *Peet* v. *Fowler*, 170 Fed. Rep. 618; *Roschynialski* v. *Hale*, 201 Fed. Rep. 1017.

*Judgment affirmed.*