## CHURCH v. CHURCH.

(Court of Appeals of District of Columbia. Submitted December 8, 1920. Decided January 3, 1921.)

No. 3401.

1. **Appeal and error ☞70(1)—Order overruling motion to quash service not appealable.**

   An order overruling defendant's motion to quash the service of process upon him, on the ground that he was served while he was in the District for the purpose of appearing in court in another proceeding, is an interlocutory order, from which no appeal lies as a matter of right.

2. **Process ☞119—Accused attending court immune from service.**

   A nonresident of the District, who came into the District to appear and plead to an indictment against him charging him with wife desertion, cannot be served with process in a civil action by his wife, while in attendance at court, or until he has had a reasonable time to leave the District after such attendance.

3. **Process ☞119—Voluntary attendance at criminal trial entitles accused to immunity.**

   The fact that the attendance of accused at court within the District was voluntary on his part and the proceedings criminal does not deprive him of his immunity from service of process while so attending, since his voluntary appearance saves the expense of extradition and is to be encouraged by the courts.

4. **Process ☞119—Attendance at court, which could be enforced by extradition, is not voluntary.**

   The attendance of a nonresident at court to answer an indictment for crime is not voluntary, since such attendance could be compelled by extradition proceedings, so that defendant is immune from service of process during such attendance, even though voluntary attendance would not confer immunity.

Appeal from the Supreme Court of the District of Columbia.

Action by Minnie B. Church against Herbert A. Church, to recover allowances awarded plaintiff by a state court for her support. From an order overruling defendant's motion to quash the service, defendant appeals. Reversed and remanded.

See, also, —— App. D. C. ——, 270 Fed. 359.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alfred D. Smith, of Washington, D. C., for appellant.

W. P. Plumley, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellant, Church, was indicted by a grand jury of this District for nonsupport of his infant child. He, a resident of Virginia, through an arrangement with the district attorney, came to Washington from his place of employment in North Carolina, entered a plea to the indictment, and was tried. As he was leaving the courthouse for the purpose of returning to the state of his employment, he was served with process in this case, which is an action at law by his wife to recover from him allowances made by a Maryland court for her support, and which, according to the allegations of the declaration, have not been paid. Appearing specially, he moved to quash the service, on the assumption that he was immune from the service of process during such time as was reasonably requisite for him to leave the District by the usual routes of travel, but the motion was overruled. From the order overruling it he appeals.

[1] The order is interlocutory merely, from which no appeal lies as a matter of right. Dieterich v. Dieterich, 48 App. D. C. 356. Considering the character of the action, however, we will treat the appeal as a special one under the Code (section 226), and dispose of it on the merits. This, however, must not be taken as a precedent.

[2] We think that the great weight of decision, both state and federal, on the subject, indicates that the court erred.

"Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the administration of justice would in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the court." Halsey v. Stewart, 4 N. J. Law, 420.

The Supreme Court of the United States quotes with approval the following language:

"The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify." Stewart v. Ramsay, 242 U. S. 130, 37 Sup. Ct. 46, 61 L. Ed. 192.

[3] Appellee argues that the appellant came into the jurisdiction voluntarily and therefore is not entitled to immunity from service. Assuming that his appearance here was voluntary, we think the circumstance is immaterial. The rule, as we find it, is the same, whether he came of his own volition or was coerced.

"As to nonresidents charged with crime, or brought within the jurisdiction of the court by compulsory process, the general rule seems to be that they are exempt from the service of civil process while coming into the jurisdiction, while necessarily in attendance on the court, and while returning to their

place of residence, provided no unnecessary delay occurs in returning." 21 R. C. L. 1313.

Judge Cooley, in People ex rel. Watson v. Judge of Superior Court, 40 Mich. 729, said, in answer to the contention "that, as the relator must be considered as going at the time to or from a place of confinement under the process of arrest, he was not within the privilege," that he found the law to be otherwise. It was decided in Larned v. Griffin (C. C.) 12 Fed. 590, that the arrest of a person while attending before a commissioner for the purpose of giving depositions in a case pending before a court in a foreign jurisdiction was invalid because he was privileged from arrest during that time. Judge Evans, in Kaufman v. Garner (C. C.) 173 Fed. 550, 554, examined quite thoroughly the authorities, both English and American, bearing upon the point, and as a result of his study said that a nonresident, who comes into a state for the sole purpose of appearing in a court where he is charged with a crime, in obedience to a recognizance previously given by him, is exempt from service of summons in a civil action while in such attendance or before he has secured further bail required by the court. To the same effect are Compton et al. v. Wilder, 40 Ohio St. 130; note to Worth v. Norton, 76 Am. St. Rep. 541; Murray v. Wilcox, 122 Iowa, 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; Palmer v. Rowan, 21 Neb. 452, 32 N. W. 210, 59 Am. Rep. 844; and United States v. Bridgman, 24 Fed. Cas. 1230, No. 14645.

If the appellant had appeared voluntarily in a civil action, it is conceded that he would be entitled to the privilege. We are unable to perceive any reason for according the immunity to a civil litigant while denying it to one who comes to defend himself against a charge of crime. Unless he was before the court the criminal action could not proceed. By coming voluntarily the defendant removes an obstacle to the administration of justice and saves the expense and trouble of extradition. Is it not in the interest of a sound public policy that this should be encouraged?

[4] But did the appellant come voluntarily? He knew that if he did not appear his attendance in all probability would be compelled through extradition proceedings. Such an appearance can hardly be said to be voluntary. In a case where the facts were quite similar, the court held that the defendant did not come voluntarily. United States v. Bridgman, supra.

But, whether we view his appearance as voluntary or involuntary, we think the privilege attached to him, and that the service should have been quashed. It would border on an abuse of process to force a person to come within the jurisdiction for one purpose, say that he may be prosecuted for a crime, and then subject him to other litigation, for which he could not have been compelled to leave the state of his home.

The judgment of the lower court must be, and it is, reversed, at the cost of the appellee, and the case remanded for further proceedings.

Reversed and remanded.