### WINN et al. v. COBB.

First Division. Juneau. August 19, 1924.

No. 2403–A.

**Process ⟨⟩ 119, 120—Service on Nonresident.**
    A party to a suit and a witness, who voluntarily and in good faith comes into Alaska from California to attend a trial in the district court, cannot, while in attendance and for a reasonable time thereafter, be served with summons in new civil litigation in the courts of Alaska; such service will be quashed on motion.

The plaintiffs brought this action to require the defendant to render an accounting of the trust fund belonging to the estate of John Tuppela, an insane person, in accordance with the terms of a certain trust agreement entered into between the said Tuppela and the defendant on the 19th day of August, 1920, whereby the property of Tuppela was transferred to the said Cobb, in trust to manage, control, and invest, subject to an annual accounting.

The action was brought on June 17, 1924, and summons issued and served on the same day at Juneau, Alaska. The defendant herein appears specially for the purpose of his motion only, and moves the court to quash the service of the summons.

In furtherance of the motion, the defendant submits an affidavit—in substance that he was served with summons on June 17, 1924, at Juneau, Alaska; that he is not a resident of Alaska, but is a resident and citizen of the state of California;

that the reason for his presence in Alaska on June 17, 1924, when served with summons, was that he went to Alaska in said month to attend the District Court for Alaska in three certain cases in which he was a party, to wit, Valentine v. J. H. Cobb, as Trustee, et al., Koskalainen v. J. H. Cobb, as Trustee, et al., and J. H. Cobb, as Trustee, et al. v. Lepisto et al. He further states that, had it not been for the necessity of his appearance in connection with said cases, he would not have visited Alaska at the time in question; that he completed his business in Juneau on June 16, and on the next morning purchased a ticket to Seattle on the first boat leaving Juneau, with the intention of returning to his home in California; that after the purchase of said ticket on June 17 he was served with the summons in this case, though at said time he was privileged from service of process, and he prays that the service of summons be quashed.

Henry Roden, of Juneau, for plaintiffs.
James Wickersham, of Juneau, for defendant.

REED, District Judge. In the case of Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192, the Supreme Court holds that a district court in one state cannot acquire personal jurisdiction over a citizen and resident of another state through civil process served upon him while in attendance on such court as plaintiff and witness and while he is returning from the courtroom after testifying. The court says (page 129 [37 S. Ct. 45]):

"The true rule, well founded in reason and sustained by the greater weight of authority, is that suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going."

In opposition to the motion of the defendant, plaintiffs have filed a counter affidavit, sworn to by Grover C. Winn, as plaintiff and attorney for the plaintiff in the case. In his affidavit Mr. Winn sets forth his appointment as guardian of the person of John Tuppela, an insane person, and of the execution of a deed of trust, by virtue of which said J. H. Cobb became trustee of the estate of said Tuppela, and by the terms of which said trust agreement the said Cobb is required to make an annual accounting of said trust estate. He further

avers that at many times Cobb has promised to make an accounting but at no time has rendered such an accounting; that on June 10, 1924, the said Cobb upon request for an accounting by affiant, stated that he had rendered an account to affiant's coplaintiff; that said statement was false and untrue, and that the said Cobb, when confronted with the telegram advising that no such accounting had been made to affiant's coplaintiff, admitted that the statement theretofore made by him was untrue, and promised immediately to render an accounting, which promise the said Cobb has failed to keep. Affiant further states that the affidavit of Cobb supporting the motion to quash the service of summons in this action to the effect that he came to Alaska to attend three cases then pending in court was false and untrue; that the cases of Koskalainen v. J. H. Cobb, as Trustee, et al., and J. H. Cobb, Trustee, et al. v. Lepisto et al. were ready for trial long before May 31, 1924, and were by stipulation of counsel continued over the term, and of this continuance said Cobb was informed long before leaving the outside for Alaska; that the case of Valentine v. J. H. Cobb, as Trustee, et al. was at issue prior to May 31, 1924, and that said Cobb did not come to Alaska to assist the trial thereof; that in August, 1923, and again in November, 1923, the said Cobb had stated to affiant that he would not try the case of Valentine v. J. H. Cobb, as Trustee, et al., that he would pay the claim in full, but that he was not ready then to do so, and again on June 10, 1924, on his arrival in Juneau, Alaska, said Cobb had stated to affiant that he would not try that case; that although the case of Valentine v. J. H. Cobb, as Trustee, et al. was tried before the district court on June 16, the trial was in truth a sham and a subterfuge as far as the said Cobb was concerned, although upon the trial judgment was entered in favor of Valentine, as the claim had been fully paid on June 11 preceding, and that Cobb appeared in said case solely for the accommodation of counsel for plaintiff; that Cobb had stated to affiant on his arrival in Juneau that he had come to the territory to avoid the heat at Santa Barbara, California, and also with a view to selling Tuppela's interests in certain mining claims, and to inspect certain mining properties owned by him personally. The affidavit further states that Cobb did not return to his home in California at the first opportunity after the settlement of the Valentine

Case on June 11, 1924, at 1 o'clock p. m. of that day; that a steamer left Juneau for Seattle on the evening of that day; that the following day, at 8 o'clock p. m., a steamer left Juneau for Seattle; and that on the 13th of June, another steamer left Juneau for Seattle at 8:30 o'clock a. m.

This affidavit puts directly in issue the presence in the territory of J. H. Cobb as suitor in the several cases, when served. Cobb, in his affidavit, stated that he was here to attend the court in the three cases in which he was a party; the plaintiffs denied the claim.

Admitting that two of the cases referred to in Cobb's affidavit had been continued over on May 31, the cases of Koskalainen v. J. H. Cobb, as Trustee, et al., and J. H. Cobb, as Trustee, et al v. Lepisto et al., and that Cobb was informed of such continuance before leaving California for Juneau, the question still remains whether Cobb came to Alaska to attend the trial of the case of Valentine v. J. H. Cobb, as Trustee, et al.

In the latter case, the plaintiffs contend that Cobb never intended trying the case but intended settling the same. The record in the Valentine Case shows that on May 31 the case was set for trial on the arrival of J. H. Cobb at Juneau. Grover C. Winn, at the time being one of the counsel in the case, appeared for Mr. Cobb and it was stated to the court that Mr. Cobb was expected to arrive at Juneau within a few days to attend the case, and for that reason the case was continued over.

On June 7, 1924, Mr. Winn appeared in court and the case was set by stipulation for trial on June 20. On June 14 Mr. Cobb, with Mr. Wickersham, the attorney for the plaintiff Valentine, appeared before the court in chambers, and requested that the trial of the case be advanced to the 16th. At that time it was said to the court that the case was practically settled, but that it was desired that the court be informed of the facts in the case, and that a decree be entered confirming the settlement. The court consenting to the advancement of the case, the parties appeared on June 16 and submitted testimony of Cobb as to the agreement between Valentine and Tuppela, which was the foundation of the action, and at the hearing on June 16 the agreement or settlement between the parties made on June 11, 1924, was made known to the court, and it was therein stated that it was a compromise

settlement. Testimony was submitted on behalf of the plaintiff as to the validity of Valentine's claim, for the purpose apparently of securing a judgment confirming the compromise. Cobb was called as a witness for the plaintiff Valentine, and was cross-examined by the plaintiff in this action, Winn.

In view of this state of facts, was defendant exempt from service of process? I am of the opinion that he was. Although his statement of his reason for coming to Alaska may not be strictly in accordance with the facts, yet it appears from the statements of counsel at the times of the several continuances that he was coming here to attend the Valentine Case, then set for trial by the court. That he compromised the case after he arrived here, or that he intended to compromise the case on his arrival, does not detract from his privilege of exemption. His attendance here was for the purpose of concluding a case then pending before the court. That being the case, in absence of testimony showing that he attended to other business while present, would.bring him within the privilege. That he remained here after the compromise was made, to enable such compromise to be confirmed by the court, would not, in my judgment, waive the exemption. It may be, although the affidavit is silent on that question, that the plaintiff Valentine desired· the compromise settlement to be confirmed by the court, or that Cobb himself, in view of the answer filed by him and to prevent further litigation, desired that the terms of the settlement of the Valentine claim against the estate of Tuppela be confirmed by a decree of the court.

If this was the desire of.the parties, or either of them, as the matter was then pending in court, Cobb, in the absence of a showing that he was remaining to attend to other business, was entitled to his exemption until the case then pending could be brought before the court and an order had thereon. See 21 R. C. L. p. 1310, par. 55, and authorities cited in notes.

The motion to. quash will be granted.