222 F.2d 305
 95 U.S.App.D.C. 365
 Jack SCHWARZ and Irwin Schwarz, t/a Jack Schwarz and Son, Appellants,
v.
William M. THOMAS, Appellee.
Jack SCHWARZ and Irwin Schwarz, t/a Jack Schwarz and Son, Appellants,
v.
Frances Wood THOMAS, Appellee.
 Nos. 12489, 12490.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 28, 1955.
Decided April 28, 1955.
 
 Mr. Arthur L. Willcher, Washington, D.C., with whom Mr. Bernard Shankman, Washington, D.C., was on the brief, for appellants.
 Mr. Jeff Busby, Washington, D.C., with whom Mr. Jeff Busby, Jr., Washington, D.C., was on the brief, for appellees.
 Before BAZELON, FAHY and BASTIAN, Circuit Judges.
 BASTIAN, Circuit Judge.
 
 
 1
 On November 24, 1952, appellants (plaintiffs) filed a complaint in the District Court against appellees (defendants) to recover the sum of $3,914.58, with interest, costs and attorneys' fees, as moneys due and owing them by defendants, represented in part by promissory notes and in part on open account. In the complaint plaintiffs averred that the defendants were non-residents of the District of Columbia. The complaint and summons were served personally in the District of Columbia on the defendant, William M. Thomas, on February 18, 1953, under circumstances hereinafter set forth. On the same day the complaint and summons addressed to Frances Wood Thomas were served upon Jeff Busby, Jr., a member of the bar of the District Court, who was representing her in connection with litigation then being heard in the District Court, said litigation being entirely separate and distinct from the present proceedings. Mr. Busby the same day signed a paper reading as follows: 'Accepted Service on Behalf of the Within Named Defendant Frances Wood Thomas this 18 of Feb 1953.' Thereafter, as hereinafter set forth, attacks were made on default judgments obtained under such services.
 
 
 2
 Default Judgment Against Defendant, William M. Thomas
 
 
 3
 The summons and complaint were served on William M. Thomas, who, as above indicated, was a non-resident of the District of Columbia, while he was in the District of Columbia in response to a summons of the District Court in a case which was actually on trial in Judge Tamm's court. He did nothing after the service; and, on March 20, 1953, a default against him was entered in the instant case by the Clerk. On September 9, 1953, the District Court granted a motion for judgment against him. Still nothing was done by said defendant until, on August 10, 1954, nearly a year later and after there had been a garnishment issued on the judgment, he filed a motion to quash the said service and to set aside the judgment entered against him on the ground that the service was illegal, it being claimed that service was had while he was in the District of Columbia in response to a summons and defending an action in the District Court. On October 5, 1954, the District Court quashed the service of summons on this defendant and set aside the judgment of September 9, 1953, against him. This appeal followed.
 
 
 4
 It has long been settled, by the great weight of authority, that a non-resident who is in attendance as a witness at a trial in a state other than that of his residence is exempt or privileged from service of process while in that other jurisdiction attending the trial and while en route to and from court. Also according to the great weight of authority, a non-resident party litigant is exempt or privileged from service of process while in attendance upon the trial of his case and while en route to and from court, and this doctrine is supported by the federal cases. See Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192; Page Co. v. MacDonald, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; Church v. Church, 50 App.D.C. 239, 270 F. 361; Hale v. Wharton, C.C., 1896, 73 F. 739.
 
 
 5
 All of this is seemingly admitted by the appellants, who claim, however, that the so-called immunity from service of process is voidable and not void, and that in order that the immunity be effective it must be promptly and properly asserted. In other words, it is claimed that the exemption, privilege or immunity from service of process in such cases is regarded as a personal exemption, privilege or immunity, which may and will be waived if not claimed promptly by the person in whose favor it runs in some proper way, such as a motion to quash, plea in abatement, or the like. The federal authorities sustain this position.[1]
 
 
 6
 Many state courts have taken the same position.[2]
 
 
 7
 We, therefore, conclude that the service on the defendant, William M. Thomas, was voidable; but that the personal exemption or privilege was waived by the inaction of said defendant for over a year after the entry of judgment, which under the circumstances of this case we hold to be unreasonable.
 
 
 8
 Default Judgment Against Defendant, Frances Wood Thomas
 
 
 9
 As above stated, Jeff Busby, Jr., a member of the bar of the District Court, on February 18, 1953, accepted service of the summons and complaint on behalf of Frances Wood Thomas. In due course, default against her was entered by the Clerk on March 20, 1953; and, on September 9, 1953, the District Court entered judgment against her by default for the amount claimed, with interest, costs and attorney's fee. On August 10, 1954, nearly a year later, after a garnishment had been served on one James L. Thomas, the said Frances Wood Thomas filed a motion, accompanied by a supporting affidavit, to quash the service so made on her on her on February 18, 1953, and to set aside the default judgment entered on September 9, 1953. The grounds of the motion were that she was not at the time of the filing of the complaint, nor has she been since that time, a resident of the District of Columbia; that she was never summoned as a defendant in the instant proceedings; and that she 'never authorized Jeff Busby, Jr. who had and was representing her in other litigation to accept service of summons for her, nor has she ever ratified such acceptance of service of summons, nor has she ever filed any pleading in said action or otherwise submitted herself to the jurisdiction of the Court in this case.' On October 20, 1954, the District Court quashed the service of summons on this defendant, and set aside the judgment of September 9, 1953, against her. This appeal followed.
 
 
 10
 This is a situation different from that in which the defendant, William M. Thomas, was involved. Frances Wood Thomas was not served in the District of Columbia and, according to her uncontradicted affidavit, she never authorized or ratified acceptance of the service of process. The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney. This is an elementary law of agency.
 
 
 11
 In Stone v. Bank of Commerce, 174 U.S. 412, 19 S.Ct. 747, 751, 43 L.Ed. 1028, the court held that an attorney, in his capacity merely as such, has no power to make any agreement for his client before a suit has been commenced, or before he has been retained to commence one; and if, under such circumstances, he assumes to act for his principal, it must be as agent and his actual authority must appear. In Stone it appeared that the Revised Statutes of Kentucky provided, among other things, that it should be the city attorney's jury "to prosecute and defend all suits for and against the city, and to attend to such other legal business as may be prescribed by the general council." Rev.St.Ky. § 2909. The court said, 174, U.S. at page 423, 19 S.Ct. at page 751:
 
 
 12
 'We do not think this section gave him the power to bind the city by the agreement in question. He is undoubtedly the retained attorney of the city in every suit brought against it, and it would have been his duty to take charge of the litigation when it should arise between the banks and the commissioners of the sinking fund or the city of Louisville; that is, when the suit was commenced the statute operated in place of a retainer in case of a personal client. When suits were commenced against the city, it was his duty to defend them; but he had no power to appear for the city as a defendant in a suit which had not been commenced, or to accept service of process, and waive its service upon the proper officer, without authority from that officer. Merely as city attorney, he had no larger powers to bind his clients before suit was commenced than he would have had in the case of an individual in like circumstances. There must be something in the statute providing for the election or appointment of an attorney for a corporation that would give such power; otherwise, it does not exist. We find nothing of the kind in the statute cited. The supreme court of New York held, at special term, that the counsel to the corporation of the city of New York had no greater powers than an ordinary attorney to bind his client. People v. Mayor, etc., of New York, 11 Abb. Prac. 66.'
 
 
 13
 See Moore's Federal Practice (2d Ed.) Vol. 2, Sec. 4:12, where the following appears in consideration of Rule 4(d)(1) F.R.Civ.P., 28 U.S.C.A.:
 
 
 14
 'The phrase 'an agent authorized by appointment to receive service of process' is intended to cover the situation where an individual actually appoints an agent for that purpose.'
 
 
 15
 See also Barron and Holtzoff on Federal Practice and Procedure, Vol. 1, Sec. 177, where it is pointed out that an agent fro an individual for other purposes is not necessarily authorized to receive service.
 
 
 16
 Turning to Rule 4 F.R.Cic.P., it would appear that Section (d)(1) of that rule provides that service shall be made in a certain manner.[3]
 
 
 17
 Appellants claim, however, that even if the service was made on an unauthorized person the service may not be quashed, due to the lapse of time and because the motion to quash was unaccompanied by a pleading showing a defense to the cause of action. This position is without merit. See Williams v. Capital Transit Co., 94 U.S.App.D.C. , 215 F.2d 487, where in a case of defective service (not completed at defendant's usual place of abode) the court said, 215 F.2d at page 490:
 
 
 18
 'If in fact there were no service, the proceedings as to Douglas were void from the very outset. Earle v. McVeigh, 1875, 91 U.S. 503, 23 L.Ed. 398. No lapse of time can serve the plaintiff. The lack of jurisdiction of the court cannot be cured by the running of months or even years where the court had no jurisdiction to proceed against Douglas in the first place. Wise v. Herzog, 1940, 72 App.D.C. 335, 114 F.2d 486 and cases cited.'
 
 
 19
 In Wise v. Herzog, supra, we held that the service, which was an attempted service under the rules of the Small Claims and Conciliation Branch of the Municipal Court was ineffectual. It was there urged also that the judgment of the Municipal Court, which had held the service proper, should not be reversed because the appellant there did not allege in her motion to vacate that she had a valid and meritorious defense to the claim on which she was sued. We said (72 App.D.C. 335, 114 F.2d 492):
 
 
 20
 'No showing of merits is necessary in support of a motion to vacate a void judgment. 'Merits need not be shown where a judgment resulting from an unauthorized appearance of an attorney is regarded as void, and the same is true where there was in fact no service of process and therefore no jurisdiction even though extrinsic evidence is necessary to show this fact. Under such circumstances the defendant is not bound to submit himself to the jurisdiction."[4]
 
 
 21
 It therefore follows that the judgment against Frances Wood Thomas was void and of no effect, was not cured by lapse of time, and that there was no necessity for the tendering of a pleading showing a valid defense to the action.
 
 
 22
 The order quashing service and setting aside the judgment of September 9, 1953, as to appellee William M. Thomas will be reversed; and the order quashing service and setting aside the judgment of September 9, 1953, as to appellee Frances Wood Thomas will be affirmed.
 
 
 23
 Reversed, in No. 12,489; affirmed, in No. 12,490.
 
 
 
 [1]
 Geyer's Lessee v. Irwin, 4 Dall. 107, 1 L.Ed. 762; Matthews v. Puffer, C.C.S.D.N.Y.1882, 10 F. 606; Morrow v. U. H. Dudley & Co., D.C.M.D.Pa., 1906, 144 F. 441; In re Smith Const. Co., D.C.N.D.Ga., 224 F. 228
 
 
 [2]
 See Eaton v. Eaton, 120 Kan. 477, 243 P. 1040; Phoenix Joint Stock Land Bank v. Eells, 158 Kan. 530, 148 P.2d 732; Nelson v. Brigham, 173 Minn. 552, 218 N.W. 101; Thornton v. American Writing Machine Co., 83 Ga. 288, 9 S.E. 679; State ex rel. Brainard v. District Court, 34 Wyo. 288, 243 P. 123; Peters v. League, 13 Md. 58; Fletcher v. Baxter, 2 Aikens, Vt., 224. See also 21 R.C.L., Process, Secs. 56, 57, 50 C.J. Process, Sec. 251(10), 72 C.J.S., Process, § 88; 25 L.R.A. p. 735; 68 A.L.R. 1469, annotation
 
 
 [3]
 Rule 4: '(d) * * * Service shall be made as follows:
 '(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.' It will be seen that none of the requirements of that section have been complied with, as it is without dispute that the agent was not 'authorized by appointment' to receive service of process. See also Sunbeam Corp. v. Payless Drug Stores, D.C.N.D.Cal., 113 F.Supp. 31; Thomas v. Furness (Pacific) Limited, 9 Cir., 1948, 171 F.2d 434; Hardy v. O'Daniel, D.C.D.C., 16 F.R.D. 355.
 
 
 [4]
 In support of this proposition, Judge Justin Miller, Writing the opinion of this court, cited 1 Freeman, Judgments (1925) Sec. 282; Shelley v. Casa De Oro, 133 Cal.App. 720, 24 P.2d 900; Stumpff v. Price, 74 Okl. 117, 119, 177 P. 109, 111