**GOVERNMENT OF THE DOMINICAN REPUBLIC, Appellant**

v.

**Hal ROACH, Jr., Individually and Trading as Radio News Service Corporation, Appellee.**

**No. 15510.**

United States Court of Appeals District of Columbia Circuit.

Argued May 3, 1960.

Decided June 9, 1960.

Petition for Rehearing en Banc Denied July 19, 1960.

Mr. Edward L. Carey, Washington, D. C., with whom Mr. Walter E. Gillcrist, Washington, D. C., was on the brief, for appellant.

Mr. William H. Collins, Washington, D. C., for appellee.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and

\* Sitting by designation pursuant to 28 U.S.C. § 294(d).

BAZELON and WASHINGTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order quashing the service upon Roach of a summons and complaint in a civil action, brought against him by the Dominican Republic in the United States District Court for the District of Columbia.

Roach is a resident of the State of California. He was charged by an indictment returned against him in the United States District Court for the District of Columbia with violations of 18 U.S.C. § 371 (1958), and 22 U.S.C. §§ 612, 613 (1958).

Roach came from California to Washington by plane, arriving in Washington the morning of September 4, 1959. He came to Washington for the sole purpose of voluntarily appearing for arraignment on the indictment. Absent that reason he would not have come to Washington on such date. As he was about to enter the courtroom where the arraignment was to take place, the process referred to above was served upon him.

The civil action was filed the same day the process was served. It was brought to obtain rescission of a contract on the ground of fraud. There is no relation between it and the criminal action, except that to some extent the same evidence may be introduced in the civil and criminal action.

Counsel for the Dominican Republic concede that the decision of this court in Church v. Church, 1921, 50 App.D.C. 239, 270 F. 361 [1] sustains the order below, but urge that the holding in the Church case should be either limited or overruled. They predicate that contention on the decision of the Supreme Court of the United States in Lamb v. Schmitt, 1932, 285 U.S. 222, 52 S.Ct. 317, 318, 76 L.Ed. 720.

1. See also: Schwarz v. Thomas, 1955, 95 U.S.App.D.C. 365, 366, 367, 222 F.2d 305, 306, 307; In re Hall, D.C.N.Y. 1924, 296 F. 780, 782.

In Lamb v. Schmitt, supra, the Court recognized the general rule "that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another" and stated that the rule "is founded, not upon the convenience of the individuals, but of the court itself" and that the rule "proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation."

It may be that the broad rule announced in Church v. Church is subject to limitation. We apply the Church rule here only to the limited extent required by the facts before us—to wit, voluntary appearance to criminal charges. We do not reach, and express no opinion concerning, questions whether the rule should be applied in other situations— for example, where attendance was not voluntary or where attendance at the trial of the cause by the person served with process in another action will not facilitate the disposition of such cause, or where the granting of immunity will defeat the ends of justice in the very cause for the protection of which the immunity is invoked.

In the Lamb case, process was served on Lamb in a proceeding ancillary to a principal suit in which Lamb had appeared as attorney for the defendant and was to recover funds involved in the principal suit and paid pendente lite as attorney's fees to Lamb.

The court held that the immunity should be withheld under the facts in that case, because the second suit was a mere continuance of the principal suit and was a part of it; the petitioner was already in attendance upon the litigation and his continued presence was necessary to aid and facilitate the pending litigation and to carry it to its final conclusion; and the denial of immunity would aid, rather than interfere with, the due administration of justice.

Here, denial of immunity would in nowise aid or facilitate the disposition of the criminal action, which has no direct relation to the civil action. On the contrary, if a party situated as Roach was is subject to service of process while in attendance upon the trial of a criminal action, or while en route to and from the criminal court, the result would be to prevent, or through fear of service of process discourage, voluntary appearance and attendance of one whose presence is necessary to judicial administration in the criminal action. Hence, the instant case falls within the general rule well recognized in the Federal courts and not within any exception thereto.

Accordingly, we hold that the immunity was properly granted and the order is

Affirmed.