William J. GREENE, Jr., an Infant, by his Parents and Next Friends, William J. Greene and Ereline Greene, Appellants,

v.

James E. WEATHERINGTON, Appellee.

No. 16626.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 3, 1962.

Decided March 29, 1962.

Mr. Leonard L. Lipshultz, Washington, D. C., with whom Messrs, Sol. Friedman and Hyman L. Rosenberg, Washington, D. C., were on the brief, for appellants.

Mr. Joseph A. McMenamin, Washington, D. C., for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

James E. Weatherington, appellee herein, at all material times has been a nearby resident of Maryland. He was arrested within the District of Columbia for the alleged shooting of appellants' minor son. He was thereafter charged in this jurisdiction with the crimes of assault with a dangerous weapon and carrying a dangerous weapon. Upon posting bond he was released pending a preliminary hearing. On June 12, 1961, he appeared at the preliminary hearing in obedience to the terms of the bond. At the conclusion of the hearing he was held for action of the grand jury. While awaiting the processing of a further bond he was remanded to the custody of a Deputy United States Marshal and placed in a cell in the courthouse of the Municipal Court, in the District of Columbia.

While being detained in the cell appellee was served with a summons in a civil action filed in this jurisdiction by appellants in their own right and as next friends of their infant son, claiming damages alleged to have grown out of the shooting incident.

Appellee moved to quash service of the summons, contending that in the circumstances he was immune from service of process. The court granted the motion. This appeal was taken from the order denying appellants' motion to set aside the order quashing service.

As a general rule service of process on a defendant in a transitory action such as this may be maintained wherever he can be found. Stewart v. Baltimore & O. R. R., 168 U.S. 445, 448, 18 S.Ct. 105, 42 L.Ed. 537; Netograph Mfg. Co. v. Scrugham, 197 N.Y. 377, 90 N.E. 962, 27 L.R.A.,N.S., 333 (1910). But there is also a general exception "that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another," a rule, however, "founded, not upon the convenience of the individuals, but of the court itself." Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 76 L.Ed. 720; Government of the Dominican Republic v. Roach, 108 U.S.App.D.C. 51, 280 F.2d 59, cert. denied, 364 U.S. 878, 81 S.Ct. 166, 5 L.Ed.2d 101; Schwarz v. Thomas, 95 U.S.App.D.C. 365, 222 F.2d 305;.

Church v. Church, 50 App.D.C. 239, 270 F. 361.

In Church the defendant, a Virginia resident employed in North Carolina, was served in this District in a civil action at a time when he had come here from North Carolina to stand trial in a related criminal case. The court held that his motion to quash the service should have been granted. It was said to be immaterial whether his presence in this jurisdiction was voluntary or involuntary, though the court believed it to be the latter. But in Government of the Dominican Republic v. Roach, supra, we said in reference to the Church decision,

> "It may be that the broad rule announced in Church v. Church is subject to limitation. We apply the Church rule here only to the limited extent required by the fact before us —to wit, voluntary appearance to criminal charges. We do not reach, and express no opinion concerning, questions whether the rule should be applied in other situations—for example, where attendance was not voluntary or where attendance at the trial of the cause by the person served with process in another action will not facilitate the disposition of such cause, or where the granting of immunity will defeat the ends of justice in the very cause for the protection of which the immunity is invoked."

108 U.S.App.D.C. at 53, 280 F.2d at 61.

Some language in Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192, which preceded Lamb v. Schmitt, supra, as well as in Church, can be interpreted as referring to the privilege as that of the individual, but it is clear from the whole of both opinions that the privilege was recognized as that of the court, as was later made explicit in Lamb v. Schmitt. The Court there said:

> "As commonly stated and applied, it [the privilege] proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before

it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation. * * *

> * * * * * *

> "It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. [Citations] Limitations of it on this basis have been not infrequently made because the attendance upon the trial of a cause, however vital to the personal interests of those concerned, was not for the purpose of facilitating the progress of the cause [Citations], or because the service was made on one whose attendance was not voluntary, and hence had no tendency to interfere with judicial administration. Netograph Co. v. Scrugham, supra."

285 U.S. at 225, 226, 52 S.Ct. at 318.

The facts in Lamb v. Schmitt made the service issue there rather unique, but we think the above guiding principles are applicable to our case, and we seek a solution within their confines.

Our case pulls somewhat in both directions. Insofar as the civil action itself is concerned it is clear the convenience of the court would not be furthered by quashing the service. The events giving rise to the action occurred here, appellee was employed within this jurisdiction, and the shooting appears to have taken place while he was so employed; and as we have said he also resides nearby, although in Maryland. Moreover, his co-defendant, by whom he was employed, was the local transit company. However, the convenience of the court, or, in the language of Lamb v. Schmitt, "the due administration of justice," which it is the purpose of the privilege to promote, has reference primarily to the proceedings the person has come into the jurisdiction to attend, not

those in which the challenged service upon him is then made. Here again we think the reasons for the immunity do not apply to the service upon appellee. While one does not relish the idea of a man being served in a cell awaiting arrangements for release on bond, it can hardly be said appellee had come into this jurisdiction voluntarily when he was served. He was here in response to his obligation under a bond in a criminal proceeding growing out of alleged offenses committed in this jurisdiction. Thus the principal reason for the immunity, namely, to encourage voluntary cooperation with judicial administration, is absent. Service in somewhat similar circumstances was upheld in Netograph Mfg. Co. v. Scrugham, supra, with the difference that the person there served in the civil action was not actually in detention. He was a nonresident, however, and had appeared in compliance with a recognizance previously given in a criminal case. To like effect see Employers Mut. Liab. Ins. Co. v. Hitchcock, 158 F.Supp. 783 (E.D.Mo.1958); Ryan v. Ebecke, 102 Conn. 12, 128 A. 14, 40 A.L.R. 88 (1925).

There may be said to be some embarrassment to the court due to the service upon appellee in a cell in the courthouse, but when we consider the limited effect of the service, this circumstance is not as serious as it might be in some situations. The effect is not to interfere with the criminal proceedings or to discourage voluntary attendance of nonresidents in judicial proceedings here, because appellee's attendance was not voluntary. The effect is merely to require appellee, who lives nearby, to respond later to a civil action in this District where he was employed when he is alleged to have committed the assault.

The fact that the privilege belongs to the court, and not to the individual, does not mean that the court has a discretion which is free of the standards under which the law authorizes the privilege to be granted. These are designed to prevent interference with the administration of justice, and, particularly, to

encourage those who are not bound to attend to do so voluntarily and thus assist the courts in their work. It does not seem to us that these underlying reasons for the privilege call for the invalidation of the service in this case.

Reversed.

WILBUR K. MILLER, Chief Judge (dissenting).

On the authority of Church v. Church, 50 App.D.C. 239, 270 F. 361 (1921), I would affirm. The ruling of that case is correct, I think, and should not be modified.