John A. KENDRICK, Appellant,

v.

Frank W. THOMPSON, Appellee.

No. 3530.

District of Columbia Court of Appeals.

Argued Sept. 28, 1964.

Decided Dec. 22, 1964.

Edward T. Minor, Washington, D. C., for appellant.

R. K. Kennon Jones, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellee Thompson, a resident of the State of New York, brought an action in the District of Columbia Court of General Sessions against one Levenson, seeking damages for personal injuries resulting from having been struck by Levenson's automobile while he (Thompson) was a visitor in the District of Columbia. In the course of that action Thompson came to the District of Columbia in response to a notice of the taking of his deposition by counsel for Levenson. While at the office of Levenson's counsel for that purpose, Thompson was served with process in an action in which appellant Kendrick sought recovery against Thompson for the value of certain legal services.[1]

Thompson moved to quash the service upon him on the ground that, as a non-resident temporarily in the District of Columbia for the purpose of prosecuting his action against Levenson, he was immune from process in the action by Kendrick. The motion was granted and Kendrick has appealed.

In Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192 (1916), it was stated: "The true rule * * * is that suitors as well as witnesses, coming from another state or jurisdiction, are exempt

1. The record before us is extremely abbreviated and many of the above stated facts were obtained by examination of the two original files in the trial court.

from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." This rule was repeated in Page Co. v. Macdonald, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737 (1923).

The rule, particularly insofar as it grants immunity to non-resident plaintiffs, has been the subject of criticism;[2] but the Supreme Court has not departed from the rule, although it recognized an exception to the rule in Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932), where the second action was sufficiently related to the first.[3] In this jurisdiction the rule has been applied on numerous occasions.[4] In Schwarz v. Thomas, 95 U.S. App.D.C. 365, 367, 222 F.2d 305, 307 (1955), the court, after stating that the non-resident witness is exempt, said:

> "Also according to the great weight of authority, a non-resident *party litigant* is exempt or privileged from service of process while in attendance upon the trial of his case and while en route to and from court, and this doctrine is supported by the federal cases."

In a more recent case, the rule was recognized but exemption was denied because the litigant was not voluntarily within the jurisdiction. There it was said that the rule is designed particularly "to encourage those who are not bound to attend to do so voluntarily and thus assist the courts in their work." Greene v. Weatherington, 112 U.S.App.D.C. 241, 244, 301 F.2d 565, 568 (1962).

■ In summary, it is well established in this jurisdiction that a non-resident party litigant who voluntarily appears here to prosecute or defend an action is immune from process while in attendance on the trial of his case unless the action in which the process is served is sufficiently related to the other action. The sufficiency of such relationship must depend upon the particular facts of each case.

■ Turning to the facts in this case it is evident that appellee voluntarily came to this jurisdiction to prosecute his action and while so here was served with process in the second action. The record discloses no relationship between the two cases. Thompson's action was one for negligence against Levenson. Kendrick's action was one against Thompson for the value of legal services. We were told at oral argument that Kendrick's services were rendered to Thompson in connection with the claim against Levenson prior to the commencement of Thompson's action through other counsel against Levenson. Even if this be so, the relation of the second action to the first was too remote to bring into play the exception to the rule. The motion to quash service was properly granted.

Affirmed.

MYERS, Associate Judge (dissenting):

I cannot agree with the majority opinion that under the facts of this case the motion to quash service was properly granted.

Thompson, appellee, was injured in the District of Columbia and upon the basis of such injury he had determined to seek his judicial remedy in this jurisdiction. Pursuant thereto, he had consulted attorney Kendrick, appellant, and retained him presumably to settle his claim amicably or to prepare and develop his case for trial.

2. See, for example, the discussion of the rule in Korff v. G and G Corporation, 21 N.J. 558, 122 A.2d 889 (1956).

3. See Annotation, "Immunity from service of process as affected by relationship between subject matters of litigation in which process was issued, and litigation which nonresident served was attending." 84 A.L.R.2d 421.

4. See, e. g., Engle v. Manchester, 46 App. D.C. 220 (1917); Church v. Church, 50 App.D.C. 239, 270 F.2d 361, 14 A.L.R. 769 (1921); Government of the Dominican Republic v. Roach, 108 U.S.App.D.C. 51, 280 F.2d 59 (1960), cert. denied 364 U.S. 878, 81 S.Ct. 166, 5 L.Ed.2d 101.

Later he dismissed Kendrick and secured other local counsel to file suit. While in the District of Columbia to give a deposition in his personal injury action upon due notice from counsel representing the defendant in that case, Thompson was served by Kendrick with a summons in a civil action for the value of legal services rendered prior to his dismissal as counsel. The trial court quashed this service on the ground that Thompson, being a nonresident temporarily in the District of Columbia for the purpose of voluntarily prosecuting his claim against a tort-feasor here, was immune from service of civil process in the action brought by Kendrick.

It is generally true that witnesses, litigants and their attorneys, present in this forum in connection with the conduct of one suit, are immune from service of process in a second suit in this jurisdiction. The Supreme Court, however, in establishing that rule, directed in Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932), that the trial courts refrain from enlarging the privilege beyond the reason for which it was founded. The Court there said:

> "[The rule of immunity] proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation." Id. at 225, 52 S.Ct. at 318.

The rule is designed "to encourage those who are not bound to attend to do so voluntarily and thus assist the courts in their work." Greene v. Weatherington, 112 U.S. App.D.C. 241, 244, 301 F.2d 565, 568 (1962). It necessarily follows that the privilege does not refer to that of the individual but is recognized as that of the court.

In the present case, Thompson had already made up his mind to pursue his claim for damages in the District of Columbia *before* he retained attorney Kendrick and incurred the liability for legal services rendered on his behalf. Since these litigation-connected expenses were incurred *subsequent* to his determination to bring suit in the District of Columbia, I do not find that the purpose of the rule would be violated by allowing personal service. Here we have service by a nonresident's former counsel seeking to recover the value of legal services previously rendered in connection with the same litigation for which the nonresident was present in this jurisdiction when served. To permit service here in no wise affects the initial choice of this forum, since that choice had already been made when Kendrick was originally consulted and retained. It would not affect the "due administration of justice" which it is the primary purpose of the privilege to promote, since it would not interfere with continuation of the proceedings Thompson came into the jurisdiction to pursue. In concluding that the service should be validated on this basis, I do not propose another exception to the rule long settled by the Supreme Court, nor do I create any new law on the subject. I have merely followed the dictate of the Supreme Court to strictly limit the privilege to cases which come within the purpose thereof. The facts of the present case do not fairly justify its application here. To allow immunity to Thompson would be to misapply the privilege for his individual benefit and not for that of the trial court and its officers.

I dissent for one additional reason. The majority recognizes that a nonresident party would not be immune from process in a second action if the second action were *sufficiently related to the first* but avoids the effect of this exception, however, by

concluding that "the relation of the second action to the first was too remote to bring into play the exception to the rule." This exception is normally limited to actions arising out of the same factual pattern affording the basis for the first suit, such as a counterclaim. However, I feel that the exception can and should be extended to include an action by a former attorney to recover legal fees earned in negotiations for settlement and in preparing for trial the very case the nonresident is litigating when served. It would be manifestly unjust under the circumstances of this case to allow appellee to invoke the judicial processes of this jurisdiction to aid him in the collection of damages for personal injury in the District of Columbia, to incur legal expenses by voluntary retention of local counsel to settle or enforce that claim here, and then to wrap himself in a cloak of immunity when local counsel, with whom he has dealt regarding prosecution of his claim and subsequently dismissed, wants to collect his fee earned for legal services prior to dismissal. It is my conviction that the action brought by Kendrick is *sufficiently related* to Thompson's personal injury action to be embraced within the exception to the rule of immunity, strictly construed, as to allow service upon Thompson as sought by Kendrick. A counterpart to a nonresident's right to select this jurisdiction as the forum for his remedy for an alleged legal wrong arising here is the duty to pay for legal services performed by local counsel in prosecuting the claim on his behalf and the right of his local counsel to be secured in the collection of his payment by appropriate judicial proceedings in the District of Columbia. To rule otherwise would be itself an unjustified extension of the rule of immunity for nonresident litigants and a violation of "due administration of justice" by imposing upon members of the local bar the harsh burden of seeking their fees in whatever state they may find the nonresident former client.

The underlying fundamental reasons for the privilege of immunity call for validation

of the service in this case which actually arises directly from the same litigation initiated by the nonresident in coming to the District of Columbia. The motion to quash service should have been denied and the case should be permitted to go to trial on its merits.