INTERSTATE COMMERCE COMMIS-
SION, Plaintiff,

v.

ST. PAUL TRANSPORTATION CO., Inc.,
a corporation, and Robert L. Wilkin-
son, an individual, Defendants.

No. 4–64–Civ.–178.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 9, 1966.

**310**

Robert S. Griswold, Jr., Regional Atty., ICC, Minneapolis, Minn., for plaintiff.

James R. Bettenberg, St. Paul, Minn., for defendants.

DEVITT, Chief Judge.

The ICC seeks, under 49 U.S.C. § 322 (b), to enjoin the St. Paul Transportation Co. and Robert L. Wilkinson from further violations of certain provisions of the Interstate Commerce Act. The case is before the court on the pleadings and stipulated facts with briefs submitted and arguments heard.

The issues before the court are two: (1) whether the court has jurisdiction over the individual Robert L. Wilkinson; (2) whether an injunction against future violations by the defendants of provisions of the Interstate Commerce Act should issue. The establishment of jurisdiction, of course, must precede any determination on the injunction.

At the hearing of this matter counsel for defendants did not contest jurisdiction over the St. Paul Transportation Co., but rather stated that the company is now defunct and indicated a willingness to file a consent judgment against that party. On the other hand, the defense asserts that Robert Wilkinson was immune from service of civil process at the time he was served in this action, hence, the court has no jurisdiction over his person.

Wilkinson is a resident of California. The stipulation of the parties indicates Wilkinson was within this jurisdiction on September 25, 1964, solely in response to a criminal summons served on him previously in California. Prior to his arraignment, on September 25, 1964 on an information charging a misdemeanor, for which purpose he appeared in response to the criminal summons, a United States Marshal served him with the complaint and summons in this action. The defense argues that the appearance was voluntary, since response to a summons is not compulsory and no sanctions are available to punish disobedience to a criminal summons, and the law grants immunity from service of civil process to persons so appearing. The ICC contends, first, that obedience to the order of a criminal summons is an involuntary appearance and, second, an exception to the immunity rule prevails when the second case involves the same or substantially the same subject matter as the first case.

The authorities uniformly view the immunity question as a procedural one governed by federal practice in the federal courts and not controlled by state law under the Erie doctrine. Marlowe v. Baird, 301 F.2d 169 (6th Cir. 1962); Employers Mutual Liability Ins. Co. of Wisc. v. Hitchcock, 158 F.Supp. 783 (E.D.Mo. 1958); 2 Moore, Federal Practice 1092 (2nd ed.); 1 Barron & Holtzoff, Federal Practice and Procedure 661 (Wright ed.).

Under the well-established general rule the federal courts grant immunity from service of civil process to parties, witnesses and attorneys coming from another jurisdiction during the time required to attend the action for which they appeared. E. g., Lamb v. Schmitt,

285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932); Shapiro & Son Curtain Corp. v. Glass, 348 F.2d 460 (2nd Cir. 1965); see generally, 2 Moore, Federal Practice Parag. 4.20 (2nd ed.). The leading case setting out the theory and purpose of the immunity rule is Lamb v. Schmitt, supra. Courts grant immunity in order to aid the due administration of the judicial process and not for the convenience of individuals. "It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require." Id. 285 U.S. at 225, 52 S.Ct. at 318. Judicial necessities require immunity in instances where voluntary appearances by individuals will preserve the integrity of the courts' authority or aid in the efficiency of the judicial process. Id. at 225–226, 52 S.Ct. 317; Walker v. Calada Materials Co., 309 F.2d 74 (10th Cir. 1962); Greene v. Weatherington, 112 U.S.App. D.C. 241, 301 F.2d 565 (1962); 2 Moore, Federal Practice Parag. 4.20 (2nd ed); 1 Barron & Holtzoff, Federal Practice and Procedure 662–64 (Wright ed.).

■ The more specific holding in the *Lamb* case, and other authorities cited above, deals with one of the exceptions to the immunity rule pertinent to the present action. When a secondary case, in which immunity from service of process is claimed, is so much a part or continuation of the principal case that complete disposition of the main case demands attendance at the secondary or ancillary action, immunity may be withheld. Lamb v. Schmitt, supra; Walker v. Calada Materials Co., supra. In the *Lamb* case the secondary proceeding was to compel restoration of the fraudulently conveyed property which was the subject matter of the main suit. In the *Walker* case the secondary action was aimed at setting aside, on the ground of fraud, the judgment sought to be enforced in the principal case. These and other similar situations justify exceptions to the normal rule since the necessity to administer complete and meaningful relief in such instances outweighs the interest in inducing voluntary attendance and cooperation with the judicial process.

■ Another exception to the usual immunity rule is that immunity to civil process is normally not granted to persons appearing involuntarily in criminal actions, but normally is granted to persons appearing voluntarily. Greene v. Weatherington, supra; Government of the Dominican Republic v. Roach, 108 U.S.App.D.C. 51, 280 F.2d 59 (D.C.Cir. 1960); Employers Mutual Liability Ins. Co. of Wisc. v. Hitchcock, supra; 2 Moore, Federal Practice 1095–96 (2nd ed.); 1 Barron & Holtzoff, Federal Practice and Procedure 663–64 (Wright ed.). The above statement reflects the weight of authority at the present time as to the immunity from civil process of those appearing in criminal actions. To construe this exception as a categorical rule would be a gross oversimplification. Almost every possible variant and exception to any simple immunity rule in these situations finds some support in the case law. See generally, 20 A.L.R.2d 163–189 (1950). The granting or withholding of immunity "depends * * * upon the nature of the proceeding in which the service is made and its relation to the principal suit * * *." Lamb v. Schmitt, supra, 285 U.S. at 228, 52 S.Ct. at 319. The basic theory of aiding judicial administration, however, supports a rule granting immunity from civil process in instances of voluntary criminal appearances and withholding it in cases of involuntary criminal appearances. A person appearing by choice is aiding the efficiency and convenience of the courts; a person appearing under compulsion cannot thwart the operation of the courts and, thus, immunity in the latter case does not affect the necessities or convenience of the courts.

The disposition of the jurisdiction issue in this case, as to Robert Wilkinson, depends on (1) the relationship of the subject matter of this civil action to the criminal action in which Wilkinson appared and (2) the voluntariness of that appearance.

This action is not a mere continuation of nor ancillary to the criminal action; nor is the withholding of immunity in this case necessary to the complete or final disposition of the criminal matter. That case has been tried with penalties imposed and paid. The only real relationship of the two cases is that the prior convictions and much of the related evidence would undoubtedly be introduced in this civil action. The issues and proof in the two cases differ; only some of the probable evidence is similar. The subject of the main suit, criminal punishment of past acts, and the subject of the secondary suit, civil injunction of future acts, differ.

While the authorities quite well establish the voluntary criterion in the immunity rule, a further split of authority remains as to the definition of voluntary. The authorities construing an appearance in response to a criminal summons, or in similar situations, as involuntary, reason that the weight and authority of the courts plus the knowledge that means might exist for compelling an appearance make the response to the order of a criminal summons involuntary. The authorities supporting the voluntary view reason that response to a criminal summons is not compulsory, even though those persons appearing may prefer not to, thus the convenience and efficiency of the judicial process is served since, at least, the time, trouble and expense of arrest and extradition are avoided. For cases closely analogous to the present case, compare Greene v. Weatherington, supra, and Employers Mutual Liability Ins. Co. of Wisc. v. Hitchcock, supra; with Government of the Dominican Republic v. Roach, supra. See generally 20 A.L.R.2d 163 at § 13 (1950).

The latter view makes better sense in view of the basic theory behind the immunity rule—aiding the courts by encouraging voluntary cooperation. The aid to the judicial process which warrants immunity should not be limited to situations in which, without such aid, the courts would be completely powerless or without other means or recourse.

One other consideration bears on the disposition of the jurisdiction issue. 49 U.S.C. § 322(b), under which the ICC seeks this injunction, refers to the court's authority to restrain "any motor carrier or broker" operating in such district. 49 U.S.C. § 321 sets out the manner and means of service of process upon "motor carriers," which term, by definition in this section, includes brokers. If Wilkinson was doing business in this district at the time of his criminal appearance, or now, adequate means for service exist in § 321, in the manner which Congress apparently contemplated as implementing § 322, without stretching any of the exceptions to the usual immunity rule. If Wilkinson was not then or now doing business in this district, and thus under § 321 not amenable to service here, this is not the proper place for this action. See ICC v. Agricultural Cooperative Ass'n, 34 F.R.D. 497 (S.D.Ia. 1964).

In my view, the service of the summons and complaint upon Wilkinson was invalid due to his immunity at the time and place of service and the court, therefore, lacks personal jurisdiction over him.

The complaint, as to Wilkinson, is dismissed.