INTERSTATE COMMERCE COMMIS-
SION, Plaintiff,

v.

AGRICULTURAL COOPERATIVE AS-
SOCIATION, Edward J. Hruby, doing
business as Hruby Distributing Co., et
al., Defendants.

Civ. No. 2-520.

United States District Court
S. D. Iowa, W. D.
Feb. 4, 1964.

Harry F. Horak, Robert S. Turkington, Kansas City, Mo., for plaintiff.

Jesse E. Marshall, Sioux City, Iowa, Ben F. Shrier, Omaha, Neb., Robert M.

Dippel, Council Bluffs, Iowa, for defendants.

HANSON, District Judge.

This is an action brought by the Interstate Commerce Commission asking for an injunction. One of the defendants, Edward J. Hruby, doing business as Hruby Distributing Co. has filed to dismiss or to quash the return of service of summons on the defendant. The summons was served upon Hruby in Omaha, Nebraska. This action is pending in the Southern District of Iowa.

■ It is well settled that where a statute of the United States so provides, process may be served beyond the territorial limits of the State in which the District Court is located. Rule 4(f) of Federal Rules of Civil Procedure; 2 Moore 1962 Supplement, p. 101.

The statute which the Interstate Commerce Commission claims allows the extra territorial service is Section 42, Title 49 U.S.C.A. It states:

"§ 42. Parties included in proceedings to enforce law.

"In any proceeding for the enforcement of the provisions of the statutes relating to interstate commerce, whether such proceeding be instituted before the Interstate Commerce Commission or be begun originally in any district court of the United States, it shall be lawful to include as parties, in addition to the carrier, all persons interested in or affected by the rate, regulation, or practice under consideration, and inquiries, investigations, orders, and decrees may be made with reference to and against such additional parties in the same manner, to the same extent, and subject to the same provisions as are or shall be authorized by law with respect to carriers."

Title 28 § 2321, states that process of the District Courts may in cases and proceedings under Sections 20, 23, and 43 of Title 49 run and be returnable anywhere in the United States. Section 43 allows an injunction and damages against discrimination or carriage of passengers or freight at less than published rates. Section 20 deals with reports, records, etc. of the common carriers. Neither of these sections nor Section 23 has anything to do with this case.

The relief requested in the present case is an injunction under Section 322(b) to prevent a violation of Sections 303(c), 306(a), and 309(a). These sections state that no person shall engage in the business of a contract carrier by motor vehicle in interstate commerce on any public highway unless there is in force a permit or certificate of public convenience and necessity issued by the Commission.

■ The Interstate Commerce Commission has predicated their belief that they are allowed extra territorial service of process in this action because of Section 42. Section 42 is not listed in Title 28 § 2321, as a statute under which extra territorial service is allowed. In Interstate Commerce Commission v. Cheesebrough, D.C., 77 F.Supp. 441, the court did hold that Section 42 could be used to join a party participating in the violation to the action for injunction against the principal violator. In this case, Hruby is not the principal violator, but it is alleged that he participated, aided, and abetted. In the Cheesebrough case, there was no service of process problem. In Interstate Commerce Commission v. Blue Diamond Products Co., 192 F.2d 43 (8th Cir.), the court was confronted with an action under Section 322(b) to enforce by injunction a violation of Sections 306(a) and 309(a) for inducing and procuring certain named persons to engage in interstate operations knowing that such persons did not hold operating authority issued by the Commission. The court dismissed the action saying that it applied only to carriers and brokers and not to shippers. The plaintiff's pleadings show that Hruby is a shipper. It is evident that he is not a

carrier or broker. Sections 321(c) and (d) prescribe a method by which service may be had on brokers and carriers. It seems clear that if Hruby is a carrier or broker, service should be made under Section 321(c) or (d). A. W. Stickle & Co. v. Interstate Commerce Commission, 128 F.2d 155 (10th Cir.) while not completely in point is helpful. It does hold that Section 321(c) was intended to give a means of service for an action under Section 322(b). It may not be the exclusive method but it does seem that if 321(c) or (d) is available Congress did not intend the courts to infer that there should be extra territorial service under Section 322(b) or Section 42.

It seems clear that if an action under 322(b) is limited to carriers and brokers, there is no need to resort to Section 42. Also Section 322(b) states that:

"[T]he Commission or its duly authorized agent may apply to the district court of the United States *for any district where such motor carrier or broker operates,* for the enforcement."

If the venue is limited to where the broker or carrier operates, then Sections 321(c) and (d) are sufficient method for obtaining service and there is no need for extra territorial service. It would appear that this is what Congress had in mind when Title 28, § 2321, was enacted and gave extra territorial service only in actions under Sections 20, 23, and 43.

 The court concludes that Congress did not give any specific authority for extra territorial service under Section 322(b) and no such authority can be implied. The statutes seem to imply that Section 321 was intended to be used to obtain service in such an action. This Section does not come within any recent amendments to Rule 4(f) and it has not been shown that the defendant cannot be found within the State of Iowa. Georgia v. Pennsylvania Railroad Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051, and Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119

show that exceptions to the general rule, that process is not extra territorial, are not to be created except apart from specific exceptions created by Congress. There are no specific exceptions which allow extra territorial process in this case.

It is, therefore, hereby ordered that the motion to quash service of process on Edward J. Hruby doing business as Hruby Distributing Co. is granted and the motion to dismiss is granted for the further reason that on the face of the plaintiff's complaint it is evident that no cause of action has been stated.