Thomas N. OATES, Appellant,

v.

Stephen W. BLACKBURN et ux., Appellees.

No. 138.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 5, 1968.

Rehearing Denied July 3, 1968.

William G. Hilford, Novelli & Hilford, Houston, for appellant.

Sam G. Croom, Croom, Barnes & Adams, Houston, for appellees.

BARRON, Justice.

This action, for the first time in Texas to our knowledge, presents for decision the question of privilege of non-residents of Texas from service of process within the limits of this State while the non-residents are within the State attending court in another case.

On August 30, 1966, Thomas N. Oates, a resident of Harris County, Texas, filed suit in Harris County against his former wife and her present husband, Doris M. Blackburn and husband, Stephen W. Blackburn, residents of Bolivar County, Mississippi, alleging alienation by defendants of the affections of the minor son of Oates and Mrs. Blackburn. Custody and control of the minor son had been awarded to Mrs. Blackburn (formerly Oates) by a decree of the Chancery Court of Miller County, Arkansas, in a divorce action filed in that State, the judgment being rendered on November 8, 1958. Care and custody of the minor son, Henry N. Oates, then seven years of age, was awarded to the present Mrs. Blackburn with the provision that Mr. Oates had the right of visitation with said child at reasonable times. The child has remained continuously with defendant, Doris M. Blackburn, until the present date. The Arkansas court ordered Oates to pay the

sum of $150.00 per month for the maintenance and support of the minor child.

Oates, having become in arrears in the payment of child support, Mr. and Mrs. Blackburn filed suit in Harris County, Texas, in the early part of 1966 under the Reciprocal Support Act under provisions of the statutes of Texas by reason of default, which suit resulted in judgment in favor of Doris M. Blackburn and husband against Oates for delinquent child support and attorney's fees, and Oates was adjudged to be in contempt on September 1, 1966. The contempt judgment was purged by the payment of $3,325.00 prior to September 10, 1966. While Mr. and Mrs. Blackburn were attending that trial as parties and as witnesses they were served personally with process at Houston, Texas, in the present suit seeking damages by plaintiff, Thomas N. Oates. The Blackburns were in Texas solely for the contempt action, which they had filed in a Texas court, and they returned almost immediately to Mississippi after the contempt action was concluded.

The defendants, Mr. and Mrs. Blackburn, contended in the trial court, and they contend here, that the Texas trial court has no jurisdiction over them or either of them or over the subject of this suit, and that the defendants are immune or privileged from service of process in this suit. They prayed that this action be dismissed for want of jurisdiction. Special plea to the jurisdiction of the District Court of Harris County was made by defendants under Rule 120a, Texas Rules of Civil Procedure. On a hearing, the trial court on December 11, 1967, sustained the plea of defendants, dismissed this cause and ordered it stricken from the docket. From the judgment below the plaintiff has appealed. Oates is appellant and Mr. and Mrs. Blackburn are appellees.

As a general rule, derived from the common law, witnesses and suitors in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court and for a reasonable time before and

after in going to and returning from court, unless the process is issued in the very cause for which they entered the jurisdiction, or in another cause which is in aid of, or incidental to, or connected with, the original suit. See McDonald, Texas Civil Practice, Vol. 2, Sec. 9.13; 72 C.J.S. "Process" § 80, pp. 1112–1128; 46 Tex.Jur.2d, Sec. 37, p. 358. The decisions of other states on this question are, however, in hopeless conflict. But we believe the above may be termed the majority rule in the United States. The reasons for granting immunity are many and varied in different states. The immunity is said generally to be based upon public policy and upon better administration of justice free from interference. Lovejoy v. Foster, D.C., 77 F.Supp. 414, 415; Fishbein v. Thornton, 247 S.W.2d 404, 409 (Tex.Civ.App.), no writ (Concurring opinion).

The decision in York v. State, 73 Tex. 651, 11 S.W. 869 (1889) has, however, limited the Texas rule in this connection. In that case the State brought suit against York, a resident of the State of Missouri, to recover a sum alleged to be due the state under a lease contract between the parties. The only service upon York was made in the State of Missouri. York appeared in the Texas court and made what he denominated a special appearance for the purpose of contesting the court's jurisdiction over his person on the ground that he was a nonresident and had not been served personally with process within the limits of Texas. His plea was overruled, whereupon York appeared, waived his demand for a jury, and declined to answer further, relying solely upon his plea to the jurisdiction. The State contended that Articles 1242, 1243, and 1244 (now Rules 121, 122 and 123, T.R.C.P.) had abolished the special appearance. The Supreme Court of Texas, speaking through Justice Stayton, agreed, and held that the adoption of Art. 1242 (Rule 121), changed the practice. The Texas courts consequently had jurisdiction of York, and the case was taken to the United States Supreme Court which affirmed the

judgment of the Supreme Court of Texas. 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890).

Rule 121, T.R.C.P. (formerly Art. 1242) provides:

"An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance of service of citation upon him."

However, by reason of general dissatisfaction with the rule of York v. State, Rule 120a, T.R.C.P. was adopted, effective September 1, 1962, providing that an appearance in a Texas court to contest jurisdiction of the person or property of the defendant on the ground that such party or property is *not amenable to process* issued by the courts of the State of Texas, no longer automatically confers jurisdiction over the defendant. A special appearance may now be made by sworn motion filed prior to a plea of privilege or any other plea, pleading or motion.

It might be thought that an "appearance" on the one hand and "service of process" within this State on the other hand would distinguish the cases, and that the above rules would be unrelated to the privilege against service of process contended for in the case at bar. In York v. State, supra, the Supreme Court said:

"* * * (I)t must be held, under Article 1242, Rev.St., that a defendant who files any defensive pleadings makes such an appearance as gives the court jurisdiction over his person *as fully as would the issuance of proper citation, and its proper service, within this state.* One not a citizen or resident of this state is subject to be sued here, and we know of no ground on which the courts of this state can be denied jurisdiction over the person of such a defendant when, by his own act, he makes such appearance in its courts as would give them jurisdiction over a person here resident. The state cannot send its process abroad, and thus compel a non-resident defendant to submit his person to the jurisdiction of its

courts; but if, in the exercise of his own untrammeled volition, he makes an appearance, then he must be held bound thereby, as would be one who could be, but had not been, subjected to the jurisdiction of the courts here by the proper issuance and service of process. *The purpose for which appearance is made is unimportant,* as is the intention with which it is made, if the act done is one which the statute declares is such as gives to the court jurisdiction to render a personal judgment against the person appearing." (Emphasis added).

Therefore, there was no provision for special appearance for the purpose of questioning the jurisidiction of the court prior to the adoption of Rule 120a. A Texas court was thus ordinarily precluded from considering the question of non-resident immunity in either a principal case or in another and unrelated suit. At one time a suggestion by amicus curiae was used to contest jurisdiction, but that procedure was rendered ineffective by the decision in Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119. In a proper case, removal to a federal court would avoid the jurisdiction of a state court. A defendant's immunity might there be invoked. Lovejoy v. Foster, supra; 31 Tex.L.Rev. 336. It appears that removal might be obtained in this case.

We believe that service of process within the state and an appearance in a pending action filed in the courts of this state require application of identical rules. While Rule 120a has wisely alleviated the problem of objections to jurisdiction of the court, the rule deals only with jurisdiction in the principal case when contest thereof is made. Rule 120a does not mention or deal with immunity from or privilege against service in another suit filed in this state, which is the issue raised in the case at bar. Appellees appeared in the trial court to contest jurisdiction in the present case under Rule 120a. While we recognize the effectiveness of the rule, we cannot say that appellees' presence in Texas at the time of service of citation upon them in the separate

alienation of affections suit was ineffective. The courts of this state have long recognized the rule that service of process within its territorial limits is effective to gain jurisdiction of the person of parties defendant. In terms of jurisdictional power, service of citation on the defendants within the state meets the historic physical power requirements. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878). We believe the clear import of our decisions has been not to recognize immunity from service of process when parties are served within the State of Texas. If any exception to the above rule had been anticipated or recognized, the provisions allowing immunity from process in another case while in attendance upon a court in Texas would have been included in or provided for in the provisions of Rule 120a or in a related rule. The matters are closely allied. The absence of such immunity in the rule or rules makes it clear to us that no such immunity from process was intended by the service of process in another suit filed and pending in the courts of Texas. We believe that the original rule still obtains in favor of effective service of citation within this state, unless and until the Supreme Court of Texas decides to change it. Immunity from service of process within the state has not been the rule in Texas to date.

There are contemporary policy considerations which aid our decision. Texas since 1929 has had a non-resident motorist statute and has several in personam jursidiction statutes applying to non-residents in specific circumstances. Since 1959 we have had a "long arm" jurisdictional statute, which provides for the obtaining of jurisdiction over any non-resident defendant who is "doing business" in Texas or who has committed any tort in whole or in part in this State. Art. 2031b, Vernon's Ann. Tex.Civ.St.; 39 Tex.L.Rev. 214; 14 Sw. L.J. 265. In addition, the United States Supreme Court has recently broadened the 1878 rule of Pennoyer v Neff, supra, to include in personam jurisdiction in a number of situations and instances if the defendant has certain "minimum contacts" with the state involved, if the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; O'Brien v. Lanpar Co., 399 S.W.2d 340 (Tex.Sup.). See and compare Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456. Modern transportation and communication facilities have lessened the vitality and real necessity of the rule announced in Pennoyer v. Neff to the extent that distant litigation in a state, other than that of the resident of the defendant, is not per se unfair and prohibitive and does not necessarily violate notions of fair play and substantial justice. We do not say that the latter rules are controlling in this case, but additional policy reasons are afforded for effective service of process within the state to obtain jurisdiction of the person of a non-resident than formerly existed. Moreover, if privilege against process under these circumstances were the rule in Texas, the courts have had ample opportunity to say so or to indicate.

We hold, however, that privilege against process is effective for a defendant who enters the state solely to contest jurisdiction under Rule 120a on any matter connected with the contested action. Otherwise, Rule 120a would be rendered ineffective, and its purposes would be denied. To make the rule effective this special immunity must be recognized and made reliable as the law of this state. There is nothing to prevent the issuance and service of process upon a defendant in a contested suit under Rule 120a after he enters the state in the absence of the foregoing rule. See 42 Tex.L.Rev. 339–341.

The Rules of Civil Procedure are liberally construed to carry out their objectives. Rule 1, T.R.C.P.; See Pearl Assur. Co. v. Williams, 167 S.W.2d 808 (Tex.Civ.App.), no writ. But the Texas Rules of Civil Pro-

cedure shall not be construed to extend or limit the jurisdiction of the courts of the state. Rule 816, T.R.C.P.

We believe the trial court erred in dismissing appellant's case and that appellant was entitled to a hearing. We hold that there is no immunity or privilege against service of process in Texas on appellees under the circumstances, and we reverse the judgment of the trial court and remand the case for further proceedings.

Reversed and remanded.