NUMBER 13-94-422-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 

 

GUADALUPE OLIVERA VEGA, 

JOSE PATRICIO VEGA, AND 

ROCIO DE JESUS VEGA FIGUEROA, Appellants, 



v.

 

FRANK DAVILA, Appellee. 

____________________________________________________________________ 



On appeal from the 319th District Court of Nueces County, Texas. 

____________________________________________________________________ 



OPINION ON MOTION FOR REHEARING

 

Before Justices Dorsey, Hinojosa, and Rodriguez

 Opinion by Justice Hinojosa

 

 We previously issued an opinion dismissing this appeal for want of jurisdiction. Appellants, Guadalupe Olivera Vega,
Jose Patricio Vega, and Rocio de Jesus Vega Figueroa ("the Vegas"), subsequently filed a motion for rehearing, urging us
to reconsider our decision to dismiss this case for want of jurisdiction. We grant the motion for rehearing, withdraw our
previous opinion, and substitute the following as the opinion of this Court. 

 The Vegas appeal from an order of the trial court denying their motion to quash subpoenas issued for their depositions. 
Appellee, Frank Davila, served subpoenas on the Vegas for their depositions in a tortious interference with a contract suit. 
The Vegas are not parties to the suit. The Vegas were served while they were in Corpus Christi, Nueces County, Texas,
giving their depositions in another lawsuit. The Vegas filed a motion to quash the subpoenas on the basis that they were
immune from service of process. After a hearing, the trial court denied the Vegas's motion to quash. By four points of
error, the Vegas contend the trial court erred in denying their motion to quash the subpoenas because: (1) they were
improperly served; (2) the subpoenas were served upon them when they were immune from service of process; (3) the time
and place of the depositions were unreasonable; and (4) the trial court improperly granted affirmative relief to Davila sua
sponte when there was no motion before the court. We affirm the trial court's order. 

A. Background

 In 1986, the Vegas employed Davila to represent them in a lawsuit which was later filed in Starr County, Texas. The
lawsuit arose out of an automobile collision. In 1991, the Vegas sued Davila for legal malpractice in Starr County ("the
Vega/Davila case"). On August 4, 1994, the Vegas, by agreement, traveled from their home in Mexico City, Mexico to
Corpus Christi, to give depositions in the legal malpractice suit. On August 6, 1994, the Vegas were at the Corpus Christi
airport, waiting to return to Mexico City, when they were served with subpoenas for their depositions in a third case. The
third case was filed by Davila in 1993, against Daniel V. Alfaro, Robert Anderson, James R. Harris, and Alex Gabert for
tortious interference with a contract ("the Davila/Alfaro case").(1) The depositions were scheduled to take place in Corpus
Christi on August 31, 1994. 

B. Procedural History

 The subpoenas in question were served on the Vegas's attorney on August 5, 1994, and upon the Vegas on August 6,
1994. On August 22, 1994, the Vegas filed their motion to quash the subpoenas. The trial court heard the motion on
August 29, 1994, and denied it by written order signed on August 31, 1994. The order states that "the motion to quash
subpoenas for deposition and for protective order filed by [the Vegas] is denied in full, and the respective depositions of
[the Vegas] should proceed and take place as scheduled on August 31, 1994." On August 31, 1994, the Vegas filed a
notice of appeal, but the appeal was stayed in 1995, because Davila filed for bankruptcy. The appeal was reinstated in
1999. 

C. Jurisdiction

 On September 13, 1994, this Court informed the Vegas: 

[I]t does not appear that the order from which the Vegas are attempting to appeal is a final, appealable order. 



The Vegas were then given the opportunity to cure the defect. On September 14, 1994, the Vegas filed a response in which
they argued that the trial court's order was a final, appealable order. The appeal was subsequently stayed by Davila's
bankruptcy, and the jurisdictional issue was carried with the case. 

 Because jurisdiction is fundamental, an appellate court must determine, sua sponte, whether it has jurisdiction to consider
an appeal. H.E. Butt Grocery Co. v. Bay, Inc., 808 S.W.2d 678, 679 (Tex. App.--Corpus Christi 1991, writ denied). In line
with the decision of the Texas Supreme Court in Ross Stores, Inc. v. Redken Lab., Inc., 810 S.W.2d 741 (Tex. 1991) (bill of
discovery orders directing discovery against third parties against whom suits are not contemplated are ends in themselves,
resolving all discovery issues between the bill of discovery plaintiff and the discovery defendant and acting as mandatory
injunctions against the discovery defendant, such orders are therefore final and appealable), and the decision of the El Paso
Court of Appeals in Enviro Protection, Inc. v. National Bank of Andrews, 989 S.W.2d 454 (Tex. App.--El Paso 1999, no
pet.) (protective order, which disposed of all parties and issues before trial court, was final judgment for purposes of
appeal), we conclude the trial court's order denying the motion to quash is a final, appealable order. We, therefore, will
address the Vegas's points of error. 

D. Motion to Quash Subpoenas

 1. Immune from Service of Process

 By their first and second points of error, the Vegas complain the trial court erred in denying their motion to quash the
subpoenas because they were improperly served. Specifically, the Vegas contend they were in Texas to give depositions in
the Vega/Davila case when they were improperly served with subpoenas to give depositions for the Davila/Alfaro case. 

 In support of their contention, the Vegas rely on Stewart v. Ramsey, 242 U.S. 128 (1916), and Chief Justice Bond's
concurrence in Fishbein v. Thornton, 247 S.W.2d 404 (Tex. Civ. App.--Dallas 1952, no writ) (Bond, C.J., concurring). 
The Stewart court stated: 

 The true rule, well founded in reason and sustained by the greater weight of authority, is that suitors, as well as witnesses,
coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and
during a reasonable time in coming and going. 

 

Stewart, 242 U.S. at 129. In Fishbein, Chief Justice Bond stated: 

 Our courts, with practical unanimity, accord to nonresidents of a state who come within the territorial limits of the state to
testify as witnesses in judicial proceedings therein an immunity or privilege from the service of civil process while in actual
attendance at the trial or hearing and during such reasonable time as may be consumed in going to and returning from the
place of trial. 

 

* * * * *

 It is in the public interest that nonresident suitors and witnesses be encouraged to appear voluntarily, and not deterred
from so doing; and unless immunity from service of civil process is given they might be deterred from attending through
fear of being subjected to the burden of new litigation, and delays might ensue and injustice be done. Therefore, the courts
should protect them against possible litigation by granting immunity from service of civil process and thus removing the
liability to such litigation. 

 

 It has also been said that the exemption is founded on the principle that, where the law exacts a duty from any person it
will protect him in the discharge of it, and that individuals cannot demand the use of public civil process so as to arrest or
interfere with others in the performance of public duties or of duties required by public process; and that immunity granted
a nonresident witness does not work any injustice to anyone, since, unless he comes within the state, there will be no
opportunity to serve any process on him. 

 

* * * * *

 In so far as the writer's investigation has extended, the courts have uniformly extended this privilege of immunity not only
to those who attended before the court on the actual trial, but also to those who attended as witnesses or suitors in the
taking of depositions. 

 

Fishbein, 247 S.W.2d at 408-09. 

 While public policy may be served by allowing immunity from service of process, we conclude the policy discussed in
Oates v. Blackburn, 430 S.W.2d 400 (Tex. Civ. App.--Houston [14th Dist.] 1968, writ ref'd n.r.e.), applies in this case. In
Oates, the court of appeals stated: 

 As a general rule, derived from the common law, witnesses and suitors in attendance on a court outside the territorial
jurisdiction of their residence are immune from service of civil process while attending court and for a reasonable time
before and after in going to and returning from court, unless the process is issued in the very cause for which they
entered the jurisdiction, or in another cause which is in aid of, or incidental to, or connected with, the original suit. 



Id. at 401; See also 72 C.J.S. Process § 27 (1987) (the immunity of nonresident witnesses and suitors does not generally
apply to process issued in the very cause for which they entered the jurisdiction, or in another cause which is in aid of, or
incidental to, or connected with, the original suit, since the granting of an exemption in such circumstances would obstruct
rather than expedite the administration of justice in the case). 

 After reviewing the record, we conclude that the Vega/Davila case is directly connected to the Davila/Alfaro case. The
record reflects that the Davila/Alfaro case stems from the initial suit in which Davila represented the Vegas in Starr County. 
Because the Vegas brought themselves within the jurisdiction of the Texas courts when they filed their original lawsuit in
Starr County, we hold they cannot now plead immunity from service of process in this directly connected case. The
Vegas's first and second points of error are overruled. 

2. Unreasonable Time and Place

 By their third point of error, the Vegas contend the trial court erred in denying their motion to quash the subpoenas
because the time and place of the depositions was unreasonable. Specifically, they argue: 

[T]he trial court's ruling that [the Vegas], who are citizens and residents of Mexico City, Mexico, should at their burden
and expense, interrupt their personal lives and obligations, travel to Corpus Christi, Texas, to give testimony in a case in
Corpus Christi involving a lawyers' squabble and to which they are not parties constitutes a gross abuse of discretion. 



 In 1994, when the Vegas were trying to quash the subpoenas, Texas Rule of Civil Procedure 201(5) provided: 

 The time and place designated shall be reasonable. The place of taking a deposition shall be in the county of the witness'
residence or, where he is employed or regularly transacts business in person or at such other convenient place as may be
directed by the court in which the cause is pending; provided, however, the deposition of a party or the person or persons
designated by a party under paragraph 4 above may be taken in the county of suit subject to the provisions of paragraph 5 of
Rule 166b. A nonresident or transient person may be required to attend in the county where he is served with a
subpoena, or within one hundred miles from the place of service, or at such other convenient place as the court may
direct. The witness shall remain in attendance from day to day until such deposition is begun and completed. 

 

Tex. R. Civ. P. 201, 599-600 S.W.2d [Tex. Cases] XLV-XLVI (1981, repealed, 977-78 S.W.2d [Tex. Cases] XXXIII
(1999)) (emphasis added). 

 This Court may reverse a trial court's judgment for abuse of discretion if it acts arbitrarily, without regard for guiding rules
and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). While the Vegas may not
live in Texas, they were properly served in Nueces County, Texas. Because a nonresident may be required to attend a
deposition in the county in which he is served with a subpoena, we hold the trial court did not abuse its discretion in
denying the Vegas's motion to quash the subpoenas. The Vegas's third point of error is overruled. 

3. Beyond Motion to Quash

 By their fourth point of error, the Vegas complain the trial court erred in ordering that they appear as ordered in the
subpoenas. Specifically, the Vegas contend the trial court's order goes beyond denying their motion to quash the subpoenas. 
The Vegas assert the trial court's order that "the respective depositions of Rocio de Jesus Vega Figueroa, Jose Patricio
Vega, and Guadalupe Olivera Vega should proceed and take place as scheduled on August 31, 1994," provides affirmative
relief not requested by Davila. 

 Texas Rule of Civil Procedure 301 provides: 

the judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be
so framed as to give the party all the relief to which he may be entitled either in law or equity. 



Tex. R. Civ. P. 301. The Vegas's motion to quash the subpoenas claimed exemption from service, and "in the alternative,
movants ask[ed] that the depositions be taken in Mexico City, and that their expenses be paid in advance for the
attendance." 

 We conclude the trial court's order that the depositions "should proceed and take place as scheduled" is in accordance with
rule 301 and is nothing more than the denial of the Vegas's request for alternative relief. The Vegas's fourth point of error
is overruled. 

 The trial court's order is affirmed. 

FEDERICO G. HINOJOSA 

Justice 



Publish. Tex. R. App. P. 47.3. 



Opinion on Motion for Rehearing delivered 

and filed this the 5th day of October, 2000. 

1. The suit for tortious interference with a contract stems from the initial suit in which Davila represented the Vegas in
Starr County.