NO. 07-02-0408-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 29, 2004

_____

ESSEX INSURANCE COMPANY AS ASSIGNEE OF
ROCKER A WELL SERVICES, APPELLANT

V.

MASON BROTHERS CONSTRUCTION, INC.,
AND SHENANDOAH PETROLEUM CORP.,  APPELLEES

_____

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 99-11-05576-CV; HONORABLE CARTER T. SCHILDNECHT, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Essex Insurance Company appeals a summary judgment in favor of Mason Brothers

Construction, Inc. and Shenandoah Petroleum Corp.  We will affirm the judgment.

An oil well service rig owned by Rocker A Well Service blew over in May 1998 when

thunderstorms occurred in the area.  The rig was located at a well site in Garza County

operated by Shenandoah. Rocker A was performing downhole repairs on the well. The rig had been at the location for several days, but no one was there during the evening. When workers arrived the next morning, they found the rig on its side. They also observed one of the four buried T-shaped anchors[1] to which the rig derrick was attached by guywires had pulled out of the ground and another had moved. The derrick had fallen in the direction away from the dislodged anchors. The anchors had been installed for Shenandoah by Mason Brothers, on completion of the well some eighteen months prior.

Rocker A was insured for wind damage to its rigs under a policy issued by Markel American Insurance Company. Rocker A submitted a claim for the cost of repairs to the rig. The claim was paid not by Markel but by its affiliated company Essex, either through clerical error or through their inter-company practice.

Essex filed suit against Shenandoah and Mason Brothers to recover the amounts it paid Rocker A, alleging the defendants' negligence and alleging Essex was the assignee of Rocker A. By later pleadings Essex also alleged it was Rocker A's subrogee. Rocker A was not made a party. After discovery, both defendants filed motions for summary judgment. Shenandoah's motion stated two grounds for a traditional summary judgment, asserting the undisputed evidence demonstrated that Essex had no standing to bring the suit and that Shenandoah had committed no negligence. In addition, Shenandoah's motion raised a no-evidence ground that Essex had failed to come forward with any evidence to support allegations of negligence. Mason Brothers' motion also asserted both no-evidence

---

[1]Commonly called a "deadman."

-2-

and traditional bases for summary judgment, stating there was no evidence to support Essex's allegation that a negligent act or omission of Mason Brothers proximately caused damage, and no evidence to support Essex's authority or standing to bring the suit. By its traditional motion Mason Brothers contended the evidence demonstrated its entitlement to judgment as a matter of law on both the standing and no-negligence grounds.

Appellees' traditional motions for summary judgment relied primarily on the deposition testimony of Rocker A's president William Earl Chapman, in which he expressed no criticism of Shenandoah or Mason Brothers and stated he had no evidence that would support Essex's claims of those companies' negligence.

Essex's response to Shenandoah's motion relied on Recommended Practices published by the American Petroleum Institute ("API").[2] From those documents, Essex argued that Shenandoah was negligent because it failed in several respects to comply with "industry standards and customs" in performing its duties as operator of the well, including the failures to provide appropriate anchors for contractors such as Rocker A; to supervise the installation of, and test and verify the capacity of, the anchors; to maintain records and tag the anchors; and to train and qualify the persons who installed and maintained the anchors. Undisputed evidence shows that Shenandoah did not test or verify the capacity of the anchors at any time before Rocker A's rig fell. Although the evidence indicates Mason Brothers normally tested anchors when it installed them, the record is not clear

_____

[2]Essex cited and quoted American Petroleum Institute Recommended Practice 4G, Recommended Practice for Maintenance and Use of Drill and Well Servicing Structures (First Edition, January 1, 1992, and Second Edition, October, 1998).

whether they did so when they installed these particular anchors. Essex also pointed to evidence that following the accident Shenandoah had tested the capacity of anchors at the accident well site and several other wells, and had replaced some T-shaped anchors like those in place at the accident well site with auger- or screw-type anchors.

Essex further relied on the affidavit of Gary Parrish, stating his years of experience in the industry and his acquaintance with duties of operators of oil and gas leases in the area, and stating that based on his review of deposition testimony in the case, the anchors installed at the time of the damage to Rocker's rig were not "of accepted industry standards and custom," and were not properly tested and tagged, and that appropriate records concerning them were not maintained. Parrish further stated his conclusion that "it appears" the damage to Rocker's rig was proximately caused by the failure of the anchors and stated his opinions that Shenandoah and Mason Brothers therefore were negligent and their negligence was the proximate cause of damage to Rocker's rig. Essex's response to Mason Brothers' motion cited the same evidence, and argued that Mason Brothers' negligence consisted of its failures to properly install and test the capacity of the anchors, its selection of the T-shaped anchor rather than a screw-type or "approved" anchor, and its failure to train and qualify the persons who installed the anchors.

The trial court's order granting summary judgment did not state the grounds on which it was based. We must affirm the judgment, then, as to each of the two appellees, if any of the grounds for summary judgment asserted by that appellee were meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380-81 (Tex. 1993).

The standards governing review of traditional summary dispositions under Rule of Civil Procedure 166a(c) are well established and a detailed recitation of them is unnecessary here. It is sufficient to note that a summary judgment movant bears the burden to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). We must take evidence favorable to the non-movant as true and indulge in every reasonable inference in favor of the non-movant. *Id.*

We review no-evidence summary judgments under Rule of Civil Procedure 166a(i) to determine whether, in response to the motion, the non-movant produced any probative evidence to raise a material fact issue. In so doing we apply the same legal sufficiency standard as is used in reviewing a directed verdict, considering the evidence in the light most favorable to the non-movant and disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). If the non-movant presents more than a scintilla of probative evidence to raise a genuine material fact issue, summary judgment should not have been granted. *Id.* at 751; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). More than a scintilla of evidence exists when the evidence rises to a level such that reasonable and fair-minded people could differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

Essex presents four issues on appeal. Its second issue addresses Shenandoah's negligence and its fourth, Mason Brothers' negligence. We find the second and fourth issues to be dispositive of the appeal, but before discussing them we will briefly address

Essex's first and third issues. As Essex couches those issues, they address its standing to bring the action against Shenandoah and Mason Brothers.

Appellees' motions for summary judgment challenged Essex's right to bring an action for recovery of the money it paid Rocker A. In places in their motions, the issue was characterized as one challenging Essex's standing. Mason Brothers' motion stated the absence of a right to sue could be "viewed as a lack of standing." In the trial court, the parties also referred to the issue as one of Essex's capacity and as one questioning whether Essex had a valid right of recovery by subrogation. But because the parties have described the issue at least in part as one of standing, and because standing is a component of subject matter jurisdiction, *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-46 (Tex. 1993), we are obligated to address it.[3]

The general test for standing in Texas is stated to require that there be a real controversy between the parties that will actually be determined by the judicial declaration sought. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Standing requires a personal stake in the controversy. *In the Interest of B.I.V.,* 923 S.W.2d 573, 574 (Tex. 1996); *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). Essex's pleadings allege, and the undisputed evidence shows, that Essex paid Rocker A for the damage its rig incurred when it fell while it was located at Shenandoah's well and connected to anchors installed by Mason Brothers. There is a real controversy between Essex and appellees concerning its right to recover

---

[3] *See Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (court "must not act" without determining it has subject matter jurisdiction); *Vega v. Davila*, 31 S.W.3d 376, 378 (Tex.App.–Corpus Christi 2000, no pet.).

the money it paid. The controversy will actually be determined by the relief sought. Essex satisfies the general test for standing. The trial court had subject matter jurisdiction to hear the case.

To the degree that Essex's first and third issues address its right, through contract or otherwise through subrogation, to pursue a cause of action against Shenandoah and Mason Brothers for damage to Rocker A's rig, discussion of the issues is not necessary to disposition of the appeal. Tex. R. App. P. 47.1.

We turn to Essex's second and fourth issues. The elements of a negligence cause of action are a duty, a breach of that duty and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Mason Brothers' motion for summary judgment asserted that it owed no duty to Rocker A, but for purposes of this opinion, we will assume, without deciding, that Shenandoah and Mason Brothers owed Rocker A duties measured by the API Recommended Practices, which included the duties to install anchors in accordance with the specified criteria, provide anchor capacity verification, replace anchors that are damaged, excessively deteriorated or fail capacity verification, maintain records concerning capacity verification at the well site and place visible markers on each anchor. We will assume also for this purpose Essex is correct that appellees owed Rocker A a duty to train the persons who installed and maintained the anchors. Assuming the existence of those duties, and further even assuming the breach of those duties both by Shenandoah and Mason Brothers, the summary judgment must nonetheless be affirmed because there is no summary judgment

evidence that Shenandoah's or Mason Brothers' breach of any such duty proximately caused the damage to Rocker A's rig.

Proximate cause as an element of negligence consists of two components, cause in fact and foreseeability. *Doe*, 907 S.W.2d at 477. The cause in fact component asks whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *Id.; McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). Although they may be proven by circumstantial evidence, the elements of proximate cause cannot be established by mere conjecture, guess or speculation. *Doe*, 907 S.W.2d at 477; *see Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex. 1975). The summary judgment evidence contains nothing from which reasonable minds could draw an inference that Rocker A's rig would not have fallen and been damaged if Shenandoah or Mason Brothers had performed all the duties Essex claims the law assigned them.

Essex emphasizes the evidence that Shenandoah replaced the two dislodged anchors at the accident well site and several anchors at other wells, substituting screw-type anchors for the T-shaped anchors previously used. The record contains no testimony or other evidence, though, that Rocker A's rig would not have fallen over if screw-type anchors had been installed rather than T-shaped anchors, or that screw-type anchors would not have been pulled from the ground. Essex also emphasizes that there is a fact issue whether the anchors were tested when Mason Brothers first installed them. But no witness said the T-shaped anchors would not have moved or been pulled from the ground if they had been better installed or maintained. There is no evidence that differently designed,

installed, tested or maintained anchors would have withstood the force of the wind on that particular occasion. There is no evidence concerning the velocity, nature or duration of the wind that blew the rig over[4] or concerning the force exerted on the anchors by the wind. Nor is there evidence concerning the anchor capacity that would have been required to withstand the wind. No one testified the rig blew over because the anchors lacked the necessary capacity, or because their capacity was not properly verified, or because appellees did not conduct proper tests, keep proper records, install proper tags or properly train personnel.

Gary Parrish's affidavit does not provide the absent evidence of proximate cause. The affidavit states no facts concerning appellees' acts or omissions, but states that Parrish's conclusions were based on unspecified information contained in the depositions of Shenandoah and Mason Brothers personnel. Parrish's conclusory statement that "it appears" the damage to Rocker A's rig "was proximately caused" by the failure of the anchors is not evidence of that fact. *See Texas Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) (per curiam) (conclusory statements not competent summary judgment evidence). Further, even if Parrish's statement is accepted as true, it does not provide evidence that any breach of duty by Shenandoah or Mason Brothers proximately caused the failure of the anchors.

---

[4]Indeed, the evidence is only circumstantial that the wind caused the rig's fall. No one questions that fact, though, and the presence of storms in the area and ground wet from rain the next morning provide additional circumstantial evidence.

The cause in fact component of proximate cause sometimes is referred to as "but for" causation. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724 (Tex. 2003) (per curiam). Missing entirely from this record is evidence that Rocker A's rig would not have fallen "but for" an act or omission of Shenandoah or Mason Brothers. Essex's second and fourth issues are overruled. The trial court's judgment is affirmed.


James T. Campbell
Justice